Matter of the Estate of F. Augustus Heinze, Deceased.

(Surrogate's Court, Saratoga County, November, 1916.)

Bonds — sureties on — liability on — when required to file new bond — rule 5, General Rules of Practice.

An administrator's bond, one of the sureties on which is a practicing attorney, is at most voidable, and said surety, though disqualified under rule 5 of the General Rules of Practice, is liable thereon.

While the acceptance of such a bond is irregular, an application to revoke the letters of administration on the ground that the bond was void because one of the sureties was a practicing attorney must be treated as an exception to the surety, and the administrator will be required to file a new bond with sufficient sureties and when that is done the application will be denied; otherwise granted, but without prejudice to any proceedings already had by him.

Surrogate's Court, Saratoga County, November, 1916. [Vol. 97.

APPLICATION by Otto C. Heinze asking:

(1) That letters of administration be revoked.

(2) For reargument of an order denying application to be appointed administrator and for vacation of that order.

(3) For reargument of an order appointing a guardian and for a vacation of such order.

Franklin Bien, for Otto C. Heinze, petitioner.

Walter A. Fullerton, administrator and guardian in person.

Sullivan & Cromwell, for Edwin Gould, creditor.

OSTRANDER, S. This is an application by Otto C. Heinze, asking:

(1) That letters of administration issued to Walter A. Fullerton upon the estate of F. Augustus Heinze, be revoked.

(2) For reargument of an order of this court denying his application to be appointed as administrator of F. Augustus Heinze and for vacation of that order.

(3) For reargument of an order of this court appointing Walter A. Fullerton as guardian of the property of F. Augustus Heinze, Jr., and a vacation of such order and for the appointment of said Otto C. Heinze as such guardian.

Otto C. Heinze has no present financial interest in the estate of F. Augustus Heinze. He is an uncle of the infant, F. Augustus Heinze, Jr., and a brother of Mrs. Fleitmann, who was removed as such guardian and administrator.

The application to revoke letters issued to Fullerton as administrator of F. Augustus Heinze is founded upon the claim that his bond as such administrator is

void for the reason that one of his sureties was a practicing attorney. Mrs. Fleitmann was removed both as administratrix of her brother and as guardian of her nephew in August, 1916, for reasons appearing sufficient; by the same decree Fullerton, who had been appointed guardian of the property of the sole heir of the deceased, was appointed as administrator and directed to qualify by filing a bond in the sum of $100,000. He filed such bond with two sureties in the usual form, but one of the sureties appears to have been a practicing attorney.

Petitioner now insists that under rule 5 of the General Rules of Practice, this surety was disqualified and the bond, therefore, void and that the letters of administration were issued without jurisdiction.

The bond was not void but at most voidable. The surety, though an attorney, was bound by it and liable upon it. *Craig* v. *Scott,* 1 Wend. 35; *Miles* v. *Clark,* 4 Bosw. 632; *Hubbard* v. *Gicquel,* 14 Civ. Pro. 15. The decree appointing Fullerton as administrator cannot be held void — the question goes to the validity of the letters issued upon the decree. The acceptance of the bond was perhaps irregular, and this application may be treated as an exception to the surety. The objection to the surety's qualifications now coming to the attention of the court, the administrator should be required to furnish a new bond with sufficient sureties in the sum of $100,000. On filing such bond, approved by the surrogate, within ten days, the application to revoke the letters of administration for lack of jurisdiction should be denied — otherwise granted — without prejudice to any proceedings heretofore had by the administrator.

As to the application for a reargument of the former denial of Otto C. Heinze's petition for appointment as administrator, the moving papers fail to disclose any

Surrogate's Court, Saratoga County, November, 1916.　[Vol. 97.

reasons sufficient to warrant the relief asked, and the motion is denied upon the moving papers. The same disposition should be made of the application for reargument of the former denial of petitioner's application for guardianship of the infant, F. Augustus Heinze, Jr., and of the application for vacation of the former order appointing Fullerton as guardian, upon the same grounds.

Decreed accordingly.